**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

JAY ALLEN BROSCHART, #325383,

        Petitioner,

v.                                            ACTION NO.
                                            2:08cv264

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

       This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas corpus.

## I. STATEMENT OF THE CASE

### A. Background

       Petitioner Jay Allen Broschart ("Broschart") was convicted following a plea of guilty in the Circuit Court of the City of Virginia Beach on May 6, 2003, of five counts of aggravated sexual battery, five counts of forcible sodomy, five counts of crimes against nature, and attempted forcible sodomy. Broschart was sentenced to a term of 85 years imprisonment.

Broschart's direct appeal of his convictions to the Virginia Court of Appeals was denied on March 24, 2004, and was denied by a three-judge panel of the court on June 16, 2004. Broschart did not file a direct appeal to the Virginia Supreme Court. Broschart filed a habeas petition in the Virginia Supreme Court alleging his attorney was ineffective for failing to appeal the decision of the Court of Appeals. The Virginia Supreme Court granted Broschart relief on March 16, 2006, permitting an extension by which to file a petition to appeal the judgment of June 16, 2004. Broschart filed the appeal to the Virginia Supreme Court on August 16, 2006. The petition for appeal was denied and dismissed on March 12, 2007.

Broschart, presently in the custody of the Virginia Department of Corrections at Wallens Ridge State Prison in Big Stone Gap, Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 9, 2008. On October 7, 2008, the Respondent filed a Motion to Dismiss and Rule 5 Answer. Broschart filed a response to the Motion to Dismiss on October 9, 2008. Accordingly, this matter is now ripe for adjudication.

## B. <u>Ground Alleged</u>

Broschart asserts he is entitled to relief under 28 U.S.C. § 2254 because he was denied the right of due process of law, as guaranteed by the Fifth Amendment to the United States Constitution, when the trial court denied Broschart's Motion to Withdraw the plea of guilty to all sixteen counts.

## II. <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

### A. <u>Exhaustion</u>

In order for this Court to address the merits of this habeas petition, all of Petitioner's claims must be exhausted. <u>See</u> 28 U.S.C. § 2254(b). The exhaustion requirement is satisfied when the

"essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). Broschart's claims are exhausted because they were presented to the Virginia Supreme Court on direct appeal. Accordingly, this Court now turns to the merits of Broschart's claim.

## B.  Merits

Pursuant to 28 U.S.C. § 2254, a federal court may not grant relief on any claim that the Virginia Supreme Court adjudicated on the merits unless the Virginia Supreme Court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as established by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). The United States Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000) (internal citations omitted). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 389.

3

Broschart alleges he was denied his right of due process of law, as guaranteed by the Fifth Amendment, when the trial court denied his Motion to Withdraw the plea of guilty to all counts.[1] "Whether or not an accused should be allowed to withdraw a plea of [guilty] for the purpose of submitting one of not guilty is a matter that rests within the sound discretion of the trial court." Jefferson v. Commonwealth, 500 S.E.2d 219, 223 (Va. App. 1998) (quoting Parris v. Commonwealth, 52 S.E.2d 872, 873 (Va. 1949)).  A motion to withdraw a guilty plea should generally be granted if the trial court finds the plea was "entered by mistake or under a misconception of the nature of the charge; through a misunderstanding as to its effect; through fear, fraud, or official misrepresentation; [or] made involuntarily for any reason. . .." Id.  A motion to withdraw a guilty plea should be granted if the trial court finds "it was induced by fraud, coercion, or undue influence and would not otherwise have been made." Jones v. Commonwealth, 513 S.E.2d 431, 435 (Va. App. 1999) (quoting Parris, 52 S.E.2d at 873).

Broschart argues the guilty plea, of all sixteen counts, was involuntary and entered by mistake because, due to being  mentally unfit, he did not understand the nature of the charges against him. For this reason, Broschart argues his Motion to Withdraw the Guilty Plea of all counts should have been granted.

In order for Broschart to be successful on his claim that the lack of medication rendered him incompetent to plead guilty, Broschart must demonstrate that he did not have a "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and [that he did not have] a rational as well as factual understanding of the proceedings against him." Dusky v.

---

[1]Although Broschart relies on United States v. Moore, Moore is a federal prisoner and his case is governed by federal substantive law. 931 F.2d 245, 248 (4th Cir. 1991).  Moore does not govern the analysis in petitions for habeas relief by state prisoners under 28 U.S.C. § 2254.

United States, 362 U.S. 402, 402 (1960) (per curiam); Beck v. Angelone, 261 F.3d 377 (4th Cir.

2001) (Petitioner's appeal arises from a criminal conviction in the State of Virginia).  "Not every

manifestation of mental illness demonstrates incompetence to stand trial [or to plead guilty]; rather,

the evidence must indicate a present inability to assist counsel or understand the charges."  Burket

v. Angelone, 208 F.3d 172, 192 (4th Cir. 2000) (Petitioner's appeal arises from a criminal conviction

in the State of Virginia), cert. denied, 530 U.S. 1283 (2000).

Broschart argues he should have been able to withdraw the plea of guilty of all counts

because "he offered clear and uncontroverted evidence regarding his distressed mental state."

(Petition at 4.)   In particular, Broschart alleges that he suffered from severe depression,  his

depression medication was not given to him while in custody in Virginia, and he was forced to

undergo withdrawal from the medication, which caused "an inability to focus and concentrate on the

charges against him."[2]  (Petition at 3-4.)

Therefore, the issue becomes whether Broschart's "inability to focus" is tantamount to not

being able to "understand the charges" under Burket.

The transcripts, of both the Entering of the Guilty Plea and the Hearing on the Motion to

Withdraw the Guilty Plea, are consistent with the finding of the trial court that Broschart was capable

of understanding the charges against him and the consequences of a guilty plea.  First, Broschart had

ample time to consider his decision to enter the guilty plea of all counts.  Broschart wanted to plead

guilty the day of a Motion to Suppress; however, Broschart's attorney wanted more time to discuss

---

[2] In the present appeal, Broschart references new evidence regarding the effects from withdrawal of the medication he had been taking.  This evidence will not be considered by this Court, as it was not presented in Broschart's appeal to the Virginia Supreme Court.  See Kasi v. Angelone, 300 F.3d 487, 501-02 (4th Cir. 2002) (In order to meet the exhaustion requirement, a petitioner "must have presented to the state court 'both the operative facts and the controlling legal principles'") (internal citations omitted).

that option with Broschart.  (July 21, 2003 Tr., Hrg. on Mot. to Withdraw Guilty Plea, at 20.)  The

guilty plea of all counts was entered two weeks later, giving Broschart time to consider and

comprehend his constitutional rights.  Id.  As noted by the Court of Appeals:

> The trial court conducted extensive questioning of appellant, a high school graduate,
> to ascertain if those pleas were freely, voluntarily, and intelligently made.  Appellant
> indicated that he understood the charges against him and had an opportunity to
> discuss any defenses he might have with his attorney.  He agreed he was entering his
> guilty pleas freely and voluntarily.  When asked if he was entering his guilty pleas
> because, in fact, he was guilty of the crimes charged, appellant responded, "Yes,
> ma'am."

Broschart v. Commonwealth, Record No. 2630-03-1, slip op. at 2 (Va. App. Mar. 24, 2004).

Second, Broschart even recognized the constitutional rights  he was giving up and the likelihood he

would spend the rest of his life in prison.  When the trial judge asked, "And do you fully understand

each of the charges against you?"  Broschart responded, "As far as getting life, yes, ma'am."  (Tr.

of May 6, 2003, Guilty Plea at 3.)

The Virginia Court of Appeals thoroughly considered the claims of the instant petition, and

thereafter dismissed them on the merits.  The trial court found, and the Virginia Court of Appeals

affirmed, that Broschart's guilty plea of all counts was knowingly and voluntarily entered.  The

factual findings underlying that ruling are entitled to deference.  See 28 U.S.C. § 2254(d); Marshall

v. Lonberger, 459 U.S. 422, 432 (1983); see also Jones v. Commonwealth, 513 S.E.2d 431, 435 (Va.

App. 1999) ("The [trial] court's finding as to the credibility of witnesses and the weight of the

evidence in support of a motion to withdraw a guilty plea will not be disturbed unless plainly wrong

or without evidence to support it.").  The trial court judge found no evidence of fraud, coercion,

undue influence, or lack of capacity on the part of Broschart, and therefore, found no basis to allow

Broschart to withdraw his guilty plea.  (July 21, 2003 Tr. at 24.)  The Court of Appeals affirmed

finding:

> [T]he trial court was [not] plainly wrong or without evidence to support its finding
> that appellant's guilty pleas were freely, intelligently, and voluntarily given, and not
> induced by fraud, coercion, or undue influence; or based upon any surprise or honest
> mistake of material fact.  To the contrary, the record contains ample evidence to
> support the trial court's denial of appellant's motion to withdraw his guilty pleas and,
> thus, the trial court did not abuse its discretion in so ruling.

Broschart v. Commonwealth, Record No. 2630-03-1, slip op. at 3 (Va. App. Mar. 24, 2004). With
or without the deference entitled to the state court, this Court agrees there is nothing in the record
to support Broschart's claim that he should have been permitted to withdraw his plea of guilty to all
counts or that his plea of guilty was unknowing or involuntary.

Habeas relief should be rare when the petitioner stated, upon entering the guilty plea, that he
did so knowingly and voluntarily.  Sargent v. Waters, 71 F.3d 158, 162 (4th Cir. 1995) (citing
Blackledge v. Allison, 431 U.S. 63, 73 (1977)). There is no indication from the record that the
conclusions of the Virginia Court of Appeals are contrary to, or involved an unreasonable application
of, clearly established federal law or that its decision was based on an unreasonable determination
of the facts.  Therefore, this Court recommends denial of Broschart's petition.

Broschart contends he is entitled to an evidentiary hearing.  No hearing is permitted,
however, if the petitioner "failed to develop the factual basis of a claim in State court proceedings."
28 U.S.C. § 2254(e)(2).  As explained above, Broschart failed to do so.  Furthermore, Broschart's
claims do not fall under the exceptions to this rule: there is no new rule of constitutional law, made
retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, nor
is there a factual predicate that could not have been previously discovered through the exercise of
due diligence.  28 U.S.C. § 2254(e)(2)(A).  Therefore, this Court denies Broschart's request for an
evidentiary hearing.

7

## III. **RECOMMENDATION**

For the foregoing reasons, the Court recommends that Broschart's petition for writ of habeas corpus be DENIED and the Respondent's Motion to Dismiss be GRANTED because the claim was previously adjudicated by the Virginia Court of Appeals on the merits and denied review by the Virginia Supreme Court and none of the statutory exceptions that would allow this Court to grant relief on the claim apply.

Broschart's request for an evidentiary hearing is DENIED.

Broschart has failed to demonstrate a "substantial showing of the denial of a constitutional right;" therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV.  **REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the  Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this court based upon such findings and recommendations.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).


_____/s/_____

Tommy E. Miller

United States Magistrate Judge

Norfolk, Virginia
April 24, 2009

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the

following:


Jennifer Tope Stanton, Esq.
J.T. Stanton, P.C.
500 E. Plume St.
Suite 405
Norfolk, VA 23510

Robert Allen Ratliff, Esq.
Robert A. Ratliff, P.C.
713 Dauphin St.
Mobile, AL 36602


Leah Ann Darron, Esq.
Office of Attorney General
900 East Main Street
Richmond, VA 23219

                                          Fernando Galindo, Clerk


                                          By _____
                                             Clerk of the Court

                                          April      , 2009